IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Case No.: 7:21-CR-7 (WLS-TQL-1) |
| | : |
| BARRY KIYA DAISE, | : |
| | : |
| | : |
| Defendant. | : |
| | : |

**ORDER**

Before the Court is the Defendant's Unopposed Motion for a Continuance, filed March 22, 2022. (Doc. 42.) Therein, the Defendant requests that this Court continue the trial, currently set to begin in May 2022 to the next regularly scheduled trial term to provide Defendant and Defense Counsel with additional time to review supplemental discovery and engage in meaningful plea negotiations with the Government. (*Id.*)

The Court finds that granting a continuance in this case will provide the Defense Counsel and Defendant with a meaningful opportunity to review the supplemental discovery and engage in plea negotiations with the Government. For this reason, the Defendant's Motion for a Continuance is **GRANTED**.

The Speedy Trial Act permits a district court to grant a continuance of trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides several factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the likelihood that failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

The Court finds that the failure to grant a continuance here would likely result in a miscarriage of justice and deprive counsel of reasonable time necessary for effective

preparation. *See* 18 U.S.C. § 3161(h)(7)(B)(i) and (iv). Notably, the Defendant and Defense Counsel need additional time to review the supplemental discovery and engage in plea negotiations with the Government. (*Id.*)

Accordingly, the Defendant's Motion for Continuance (Doc. 42) is **GRANTED**. The case is **CONTINUED** to the Valdosta trial term beginning August 8, 2022, unless otherwise ordered by the Court. The Court **ORDERS** that the time from the date of this Order to the conclusion of the August 2022 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7). The Court notes that this is the fifth time that a continuance has been requested and subsequently ordered in this case. (*See* Docs. 27, 32, 36 and 40.) The Parties are hereby noticed that no further continuances will be granted except to avoid manifest injustice upon timely written motion on a ground unavoidable or not reasonably foreseeable by the moving party of parties.

**SO ORDERED**, this 25th day of March, 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**