IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES, | : | |
| | : | |
| v. | : | CASE NO.: 7:21-cr-7 (WLS) |
| | : | |
| BARRY KIYA DAISE., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **ORDER**

A jury trial was held in this matter beginning on October 3, 2022 and ending on October 6, 2022. On October 6, 2022, at the close of the Government's case-in-chief, Defendant moved this Court for a Judgment of Acquittal pursuant to Fed. R. Crim. P. 29 on Count Three of the Indictment, which charged Defendant with Possession of a Firearm in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Doc. 1.) Defendant specifically argued that the Government had failed to present direct evidence tying the Defendant to the firearm in question in this case. The Court preserved the objection and retained the opportunity to rule on the matter after a recess in the case.

Defense Counsel further moved, for a dismissal of the indictment with prejudice, contending that the jury had been impermissibly tainted by the Government's presentation of "other acts" evidence in violation of Federal Rule of Evidence 404(b). Specifically, Defendant contended that the Government had impermissibly deduced evidence of Defendant's prior bad acts through the testimony of William Smith III, without formal prior notice, in violation of Fed. R. Evid. 404(b). The Court heard argument on the matter and preserved the motion, retaining the opportunity to rule on the matter after the jury verdict. As the Court found that there was evidence in the record, of other alleged conduct, that was not part of the indictment,

1

however, the Court gave a 404(b) limiting instruction to the jury at the time of the testimony and the Court's final instructions to the jury.

The jury subsequently returned a verdict of Guilty as to Counts One and Four of the Indictment, but Not Guilty as to Counts Two and Three. After the verdict, the Court addressed both of Defendant's Motions. With regard to Defendant's Motion for Judgment of Acquittal pursuant to Rule 29 as to Count Three, the Court found that there was sufficient circumstantial evidence, if the jury had believed it, to convict the Defendant of that count. Accordingly, Defendant's Rule 29 Motion was **DENIED** and was **MOOT** in view of the Jury's verdict of Not Guilty as to Count Three.

As to the 404(b) evidence violation, the Court found that the Government had not provided notice, but the lack of formal notice did not prejudice the Defendant in light of the Government's representation that the interview of William Smith III, and expected testimony, had been provided to Defendant in August 2022. The Defendant acknowledged having received the information, except that it was received in September, 2022, rather than August 2022.[1] Accordingly, Defendants Motion for Dismissal of the Indictment with Prejudice was **DENIED**.

The Court enters this Order to memorialize its ruling from the bench.

**SO ORDERED**, this 7th day of October 2022

> **/s/ W. Louis Sands**
> **W. LOUIS SANDS, SR. JUDGE**
> **UNITED STATES DISTRICT COURT**

---

[1] The Court incorporates its oral findings, which are made a part of this Order by reference.