**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| UNITED STATES, | : |
| | : |
| v. | : CASE NO.: 7:21-cr-7 (WLS) |
| | : |
| BARRY KIYA DAISE., | : |
| | : |
| Defendant. | : |
| | : |

## ORDER

Presently before the Court is Defendant's Motion for a New Trial and corresponding request for an evidentiary hearing (Doc. 118), which was filed on October 22, 2022, and the Government's Response. (Doc. 122.) To date, Defendant has not filed a reply. Accordingly, briefing has now concluded and Defendant's Motion (Doc. 118) is ripe for disposition. For the reasons that follow, Defendant's Motion for a New Trial and Motion for an Evidentiary Hearing (Doc. 118) is **DENIED**.

## RELEVANT PROCEDURAL HISTORY

A jury trial was held in this matter beginning on October 3, 2022, and ending on October 6, 2022. During the Government's case-in-chief it called one William Smith to testify. Mr. Smith was presented by the Government to give testimony about how he and Defendant had been in the business of trafficking cocaine between 2017 and 2019.

On direct examination, the Government inquired into the importance of "BC powder in [the] drug trafficking trade." (Doc. 119 at 137.) In response, Mr. Smith began to discuss other criminal conduct that was not limited to the Indictment, specifically the fact that Defendant dealt a drug called "Flakka."[1] (Doc. 119 at 137.) The Government continued its inquiry into Flakka, resulting in an objection from Defense Counsel pursuant to Federal Rule of Evidence 403 for relevance. (Doc. 119 at 138.) Based on the nature of the testimony, the

---

[1] The Court notes for the purposes of the record that it was deduced on redirect examination that Defendant did not utilize the BC powder inquired into by the Government in the manufacturing of cocaine, but rather utilized it to manufacture "some other narcotic." (Doc. 119 at 155.)

1

Court misconstrued Defendant's objection and provided a Fed. R. Evid. 404(b) limiting instruction to the jury instead. (Doc. 119 at 139.)

After the conclusion of the Government's case in chief, Defendant moved for a dismissal of the indictment with prejudice, contending that the jury had been impermissibly tainted by the Government's presentation of "other acts" evidence in violation of Federal Rule of Evidence 404(b). Specifically, Defendant contended that the Government had impermissibly deduced evidence of Defendant's prior bad acts through the testimony of William Smith III, without formal prior notice, in violation of Fed. R. Evid. 404(b).

The Court heard argument on the matter and preserved the motion, retaining the opportunity to rule on the matter after the jury verdict. As the Court found that there was evidence in the record, of other alleged conduct, that was not part of the indictment, however, the Court gave a 404(b) limiting instruction to the jury at the time of the testimony and the Court's final instructions to the jury.

The jury subsequently returned a verdict of Guilty as to Counts One and Four of the Indictment, but Not Guilty as to Counts Two and Three. After the verdict, the Court denied Defendant's oral motion to dismiss the indictment with prejudice. The Court found that there had been a 404(b) evidence violation, but that the lack of formal notice did not prejudice the Defendant in light of the Government's representation that the interview of William Smith III, and expected testimony, had been provided to Defendant in August 2022, which Defendant acknowledged receiving.[2] The Court subsequently entered an Order memorializing its findings on October 7, 2022. (Doc. 117.)

Fifteen (15) days later, on October 22, 2022, Defendant filed the presently pending Motion for a New Trial and accompanying request for an evidentiary hearing. (Doc. 118.) Therein, the Defendant contended that a new trial was warranted based on the Government's improper introduction of 404(b) evidence through William Smith's testimony in conjunction with a contested jury instruction. (Doc. 118.) The Government filed its Response on November 7, 2022. (Doc. 122.) Therein, the Government contends that the Court improperly

---

[2] The Court notes for the purposes of the record that Defendant represents that the Government did not provide discovery, related to Mr. Smith's testimony, until September 14, 2022, but that the interview occurred in August 2022. (Doc. 118 at 4.)

2

*sua sponte* crafted a 404(b) objection from Defense Counsel's Fed. R. Evid. 403 objection and that Defendant's Motion should be denied for three reasons. (Docs. 118 & 122.) First, the Government contends that its inquiry into "Flakka" was not 404(b) evidence as it was intrinsic to the charged offense. (Doc 122 at 2.) Second, even if it was 404(b) evidence, the Government's failure to provide notice did not prejudice the Defendant. (Doc. 122 at 2.) Finally, the Government contends that any potential error in the testimony by Mr. Smith was harmless. (Doc. 122 at 2.)

## **DISCUSSION**

Based on the nature of the briefing presently before the Court, there are three issues that this Court must address. First, the fact that Defendant's Motion was untimely. Second, whether the Court's own conduct was prejudicial to the Defendant or the Government. Finally, whether the introduction of 404(b) evidence without notice was sufficiently prejudicial to warrant a new trial.

As an initial matter, Federal Rule of Criminal Procedure 33 permits a court, upon the defendant's motion to vacate any judgment and grant new trial if the interest of justice so requires. Pursuant to Fed. R. Crim. P. 33(b), any motion "for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." In the present case, Defendant's Motion is out of time, as the jury returned a verdict on October 6, 2022 (Doc. 109), and Defendant's Motion was not filed until October 22, 2022. (Doc. 118.) Despite, Defendant's Motion (Doc. 118) being out of time, the Court has considered the Motion on its merits and finds that a new trial is not warranted in this case for the reasons that follow.

Turning next to whether the Court's *sua sponte* provision of a 404(b) limiting instruction to the jury was prejudicial to the Defendant or the Government. The Court finds that its *sua sponte* provision of a 404(b) limiting instruction was not prejudicial to either party, but in fact required based on the Government's line of questioning. As an initial matter, as this Court stated at trial, the Government is incorrect in its assertion that the testimony of Mr. Smith does not fall under the standards of 404(b) evidence. (Doc. 122 at 2.) While the Government contends that its inquiry into significance of BC powder was intrinsic to the charged offenses in Counts One and Four of the Indictment, because it pertains to the manufacturing and

3

distribution of cocaine that argument is directly refuted by the record. (Doc. 122 at 3.) According to Mr. Smith's testimony on redirect, the BC Powder is connected to another drug, "Flakka" and was not utilized by Defendant "in the manufacturing of cocaine" but rather some other narcotic. (Doc. 119 at 155.) Accordingly, the BC powder in connection to "Flakka" at issue in this case was evidence of other criminal conduct that was not limited to the Indictment, which the Government should not have inquired into and did not need to inquire into to prove its cocaine allegation. The Court notes for the purposes of the record that Smith did not volunteer his testimony regarding "Flakka" but only did so in response to Government Counsel's specific questions regarding "Flakka."

Despite the Government's inquiry into other criminal conduct – specifically Flakka – Defense Counsel originally objected pursuant to Fed. R. Evid 403 for relevancy. While the testimony was arguably relevant on other grounds or purposes, it was still improper because it pertained to other unindicted criminal conduct. The Court therefore was required, even without a proper objection, to provide a 404(b) limiting instruction to the jury to prevent the jury from drawing improper or prohibited inferences of guilt.

Finally, the introduction of 404(b) evidence without proper notice was not sufficiently prejudicial to warrant a new trial in this case. While the Government did violate the 404(b) notice provision, a new trial is not warranted, as the Government provided Defendant with the testimony of William Smith III, prior to trial, Defendant acknowledged receiving it, and the testimony was provided far enough in advance for Defense Counsel to review it and take any appropriate action or file any motion before or at trial. Further, the Court provided several limiting instructions to the jury as to how it could consider evidence of Defendant's alleged prior bad acts regarding "Flakka" in their deliberations. Finally, the Court notes for the purposes of the record that Defendant failed to identify or present evidence of any actual prejudice beyond the Government's failure to provide proper and timely notice under the Federal Rules of Evidence 404(b). Accordingly, the Court hereby finds that the interests of justice do not require a new trial in this matter, in light of the fact that Defendant was provided with sufficient informal notice of William Smith III's testimony and this Court's limiting instructions to the jury.

## CONCLUSION

In conclusion, Defendant's Motion for a New Trial and accompanying request for an evidentiary hearing[3] (Doc. 118) are **DENIED**.

**SO ORDERED**, this 6th day of January 2023

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT**

---

[3] The Court notes that the relevant facts and circumstances underlying Defendant's Motion were developed on the record at trial and Defendant has not pointed to any facts or circumstances unavailable at that time that require a hearing.